743 A.2d 890

TERE ALBERT AND CARLOS ALBERT, PLAINTIFFS–APPEL-LANTS, v. MONARCH FEDERAL SAVINGS AND LOAN ASSO-CIATION, DEFENDANT–RESPONDENT, AND SHADE TREE DEPARTMENT OF THE TOWN OF KEARNY, AND PUBLIC WORKS DEPARTMENT OF THE TOWN OF KEARNY, DEFEN-DANTS.

Superior Court of New Jersey
Appellate Division

Argued January 4, 2000—Decided January 24, 2000.

Before Judges SKILLMAN and NEWMAN.

*James Den Uyl* argued the cause for appellant (*Lynch Martin,* attorneys; *Mr. Uyl,* of counsel, *Lisa H. LaConte,* on the brief).

*Mark S. Labe* argued the cause for respondent (*Joseph Carolan,* attorney; *Cindy L. Thompson,* on the brief).

The opinion of the court was delivered by

SKILLMAN, P.J.A.D.

Plaintiff Tere Albert suffered personal injuries when she tripped and fell over a raised portion of the sidewalk in front of the commercial premises owned by defendant Monarch Federal Savings and Loan Association (Monarch). Plaintiff's most serious injury was carpal tunnel syndrome in her right wrist.

Plaintiff subsequently brought this personal injury action against various parties including Monarch. The other parties were dismissed, and the case went to trial solely against Monarch. A jury found both parties negligent, attributing thirty percent fault to plaintiff, and awarded plaintiff $50,000 for her injuries. The court molded the jury verdict and entered judgment in favor of plaintiff for $35,000 plus prejudgment interest. The trial court denied plaintiff's motion for a new trial on damages only.

On appeal, plaintiff does not challenge the jury's liability verdict. Plaintiff's only arguments are that the trial court erred by instructing the jury with respect to her duty to mitigate damages by undergoing surgical treatment and that the jury's damages verdict was against the weight of the credible evidence.

 The obligation of the plaintiff in a personal injury action to obtain surgical treatment to minimize his or her damages is governed by well-established principles:

[A] person injured by another's wrong is obliged to exercise ordinary care to seek medical or surgical treatment so as to effect a cure and minimize damages. Failure or refusal to do so bars recovery for consequences which could have been averted by the exercise of such care. However, in this state the injured person is regarded as having the right to avoid "if he chooses, peril to life, however slight, and undue risks to health, and anguish that goes beyond the bounds of reason." And a refusal to accept an operation is not unreasonable and "therefore unjustifiable in the legal sense, unless it is free from danger to life and health and extraordinary suffering, and, according to the best medical or surgical opinion, offers a reasonable prospect of restoration or relief from the disability."

[*Budden v. Goldstein*, 43 *N.J.Super.* 340, 350, 128 *A.*2d 730 (App.Div.1957) (citations omitted) (quoting *Robinson v. Jackson*, 116 *N.J.L.* 476, 478, 184 *A.* 811 (E. & A.1936)).]

*Accord Cannon v. New Jersey Bell Tel.*, 219 *N.J.Super.* 304, 313, 530 *A.*2d 345 (App.Div.), *certif. denied*, 109 *N.J.* 54, 532 *A.*2d 1119 (1987); *see also Lorenc v. Chemirad Corp.*, 37 *N.J.* 56, 78–79, 179 *A.*2d 401 (1962); *see generally* W.E. Shipley, Annotation, *Duty of Injured Person to Submit to Surgery to Minimize Tort Damages*, 62 *A.L.R.*3d 9, 17 (1975); Fowler V. Harper, et al., *The Law of Torts*, (2d ed.1986) § 25.4 at 515–16; *Restatement (Second) of Torts* § 918(1) (1979).

■ There was no evidence presented at trial that the surgical procedure for carpal tunnel syndrome would involve an "undue risk[ ] to health" or even a slight "peril to life." There also was no evidence that the surgery would involve "extraordinary suffering." Consequently, the only question is whether the evidence was sufficient to support a finding by the jury that the surgery would offer "a reasonable prospect of restoration or relief from the disability." *Budden, supra,* 43 *N.J.Super.* at 350, 128 *A.*2d 730. If such a finding could be made, defendant was entitled to a jury instruction concerning plaintiff's duty to mitigate damages by undergoing surgical treatment.

Plaintiff's own medical expert, Dr. Richard F. Caponetti, testified that he had performed numerous surgical procedures to relieve carpal tunnel syndrome and that this surgery has "a good track record." Dr. Caponetti also testified that plaintiff's treating physician had recommended that she have surgery, and that he agreed "[plaintiff] was in need of surgery for a carpal tunnel." This testimony would have supported a jury finding that a person in plaintiff's position exercising ordinary and reasonable care for her own health and comfort would have agreed to undergo the surgical procedure for carpal tunnel syndrome.

■ Plaintiff relies upon Dr. Caponetti's further testimony that the surgery for carpal tunnel syndrome does not have a "guaranteed" successful outcome and that "some [patients] might even get worse following the surgery." However, the same comment could be made about any surgical procedure because, as the court observed in *Cline v. United States,* 270 *F.Supp.* 247, 251 (S.D.Fla.1967), "[t]here is ... some element of doubt and risk attendant upon each surgical operation." Consequently, if a trial court's obligation to instruct the jury concerning the plaintiff's duty to mitigate damages by undergoing surgery were contingent upon a medical expert's opinion that a surgical procedure was guaranteed to be successful, there never would be a case in which such an instruction would be appropriate. However, unless a surgical procedure poses a "peril to life," "undue risk[ ] to health,"

or "anguish that goes beyond the bounds of reason," a mitigation instruction is appropriate if evidence is presented that surgery "offers a reasonable prospect of restoration or relief from the disability." *Budden, supra,* 43 *N.J.Super.* at 350, 128 *A.*2d 730. Dr. Caponetti's testimony provided an adequate foundation for the jury to make such a finding.

In view of our conclusion that the trial court properly submitted to the jury the issue of plaintiff's duty to mitigate her damages by undergoing surgery for carpal tunnel syndrome, we are also satisfied that the $50,000 jury verdict in plaintiff's favor was not against the weight of the evidence and did not represent a miscarriage of justice.

Affirmed.